The judgment of the court was pronounced by
Rost, J.
We are of opinion, that the minority of Mrs. Tarkington is an insuperable objection to her appointment as administratrix. When the law provides that, although emancipated by marriage, she cannot bind herself by promise or obligation for any sum exceeding the amount of one year of her revenues, and that she can neither alienate, effect, or mortgage her immovables or slaves without the authority of the judge, which can only be granted with the advice of a family meeting; and in case of absolute necessity or of certain advantage, how could she become a party to an administrator’s bond for an amount far exceeding, not her income only, but her entire fortune, and which, in case of mal-administration, may result in the forced alienation of all the property. C. C. 374, 376.
*693 It is therefore ordered, that the judgment in this case be reversed, and that W. JS. Tarkington he appointed administrator of the succession of George M. Madden and Sarah O'Malty; the costs of the appeal to be paid by the appellees. Those of the district court to be paid by the succession.
Preston, J., dissenting. George M. Madden died in 1837, leaving an only heir, Martha A. Madden. She is not twenty one years of age, but emancipated by her marriage with John Briscoe.
Her mother contracted a second marriage wdth W. JS. Tarkington, by whom she had three children, and lately died. Tarkington, their tutor, applied for the administration not only of the succession of his deceased wife, of whose estate his children inherit three-fourths, but also of the estate of George M. Madden, in whose estate neither he nor they have any interest.
Briscoe and wife opposed his application, and claimed the administration, because she inherited the whole estate of her father and a fourth of the succession of her mother.
It is objected, that she cannot be appointed administratrix, it being a civil office to which a woman cannot be appointed. Code, art. 25. We have just decided the contrary as to an heir of the deceased, under an act of 1840. Bui. & Cur. Dig. 5.
It is objected, that the article 1035 of the code authorizes the appointment only of a person above the age of majority an administrator under the circumstances of this case. In consequence of her emancipation by marriage Mrs. . Briscoe is entitled to the full administration of her property, and to appear in court in all the necessary proceedings. Code, 368, 373.
An emancipated minor can be appointed a mandatory. It is true, he cannot be appointed an executor, but that is because the executor is exempted from giving security.
The appointment of Mrs. Briscoe as administratrix has no other effect than to prevent the administration of her own property, which she had acquired by emancipation, from proving prejudicial to creditors and third persons. New obligations are imposed on her husband to secure this object; and they both give security for their faithful administration.
The administration of the undivided interest of Tarkington's children, temporarily at least, is necessarily subject to the administration by Briscoe and wife of her property; and I should have thought favorably of the appointment of Tarkington, as joint administrator with Briscoe and wife. Code, 1035, 1036.
But I do not think we ought to set aside the appointment made. The interest of Mrs. Briscoe is so much greater than that of Tarkington’s children, the two successions being about equal, that I think the judge exercised a wise discretion in confiding the administration to her and husband. It is to be observed, moreover, that Tarkington had been her co-tutor with her mother, and had to render to her an account of their administration of her property.